15SL-CC00587

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Division: |
| | ) | |
| ZIMMER DENTAL, INC. d/b/a ZIMMER DENTAL, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, requests, under Missouri Supreme Court Rule 52.08, that this Court certify as a class action its case against Defendants Zimmer Dental, Inc. d/b/a Zimmer Dental, Amy Beth Gerzog, and John Does 1-10 for violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

This case involves annoying unwanted junk faxes. Plaintiff seeks certification for the following Class of similarly situated persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants do not have an established business relationship, (5) which did not state that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful,

EXHIBIT A

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

or (6) which did not include a facsimile number for the recipient to send an opt-out request.

Plaintiff further requests that the Court appoint Plaintiff as the class representative and Schultz & Associates LLP as class counsel.  In further support of this motion, Plaintiff states as follows:

1.      This action seeks class-wide redress for violations of the TCPA because Defendants sent TCPA-violating junk faxes to Plaintiff.  "Class certification is normal in litigation under §227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients."  *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013).

2.      Plaintiff is filing this motion at this time to avoid any attempt by Defendants to "pick off" Plaintiff through an offer of judgment or individual settlement offer, as suggested by some court decisions.  *See, e.g.*, *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011); Mo. S. Ct. R. 77.04 (offer of judgment); *Sandusky Wellness Ctr. LLC v. Co. v. Medtox Scientific*, No. 12-2066, 2015 U.S. Dist. LEXIS 9113, at **4-6 (D. Minn. Jan. 27, 2015) (granting summary judgment in TCPA case because settlement offer mooted claims); *Goans Acquisition, Inc. v. Merchant Solutions, LLC*, 2013 WL 5408460, at **6-7 (W.D. Mo. Sept. 26, 2013) (granting dismissal of putative class action after defendant's offer of judgment).  *But see Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and cost of the suit."); *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, 400 (E.D. Mo. 2014). Magistrate Judge Terry Adelman of the United States District Court for the Eastern

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

District of Missouri rejected a pick-off attempt, but cautioned that "in future cases, putative class action plaintiffs would be wise to immediately file such motions [for class certification] to protect the class from similar motions to dismiss based on offers of judgment." *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 U.S. Dist. LEXIS 171126, at **10-11 (E.D. Mo. Dec. 4, 2013).  Plaintiff heeded such advice.  Although Plaintiff has not yet had an opportunity to conduct discovery, Plaintiff intends to do so and to file an amended or supplemental motion for class certification thereafter. Therefore, Plaintiff requests that the Court stay ruling on this motion and that the Court allow Plaintiff to amend or supplement.

3.      All prerequisites of Rule 52.08 for class certification have been met.

4.      <u>Numerosity</u>.  Given the nature of the Faxes identified in the Class Action Petition, are form documents bearing the name of a salesperson, it is apparent that Defendants did not create the sophisticated Faxes solely to send them to Plaintiff but rather used them as part of a much broader advertising campaign.  Plaintiff alleged that, on information and belief, Defendants sent the same or other substantially similar unsolicited facsimiles without the required opt-out language, from 47 C.F.R. § 64.1200(a)(4), to more than forty other persons or entities and that joinder of all Class members is impracticable.  "Class certifications have been upheld where the class is composed of 100 or even less." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 168 (Mo. Ct. App. W.D. 2006) (citing cases in which 18, 19, 25, 51, 72, 92 class members were sufficient).  Numerosity is satisfied and joinder is impracticable given the large number of class members.  *See* Mo. S. Ct. R. 52.08(a)(1).

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

5.     <u>Commonality and Predominance</u>:  There is a well-defined commonality of interest and common questions of law and fact that predominate over any questions affecting individual members of the Class, including, but not limited to, the following:

a.     Whether Defendants sent unsolicited facsimile advertisements;

b.     Whether the facsimiles Defendants sent advertised the commercial availability or quality of any property, goods, or services;

c.     Whether the facsimiles Defendants sent contained a TCPA-compliant "opt-out notice";

d.     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent the Faxes and other unsolicited facsimile advertisements;

e.     Whether Defendants sent unsolicited facsimile advertisements without first obtaining the recipients' prior express invitation or permission;

f.     Whether Defendants violated the TCPA;

g.     Whether Defendants should be enjoined from sending TCPA-violating facsimile advertisements in the future;

h.     Whether Plaintiff and the Class are entitled to statutory damages; and

i.     Whether the Court should award treble damages for Defendants' knowing and willful violations of the TCPA.

The class definition ensures that the Class members have identical claims, both factually and legally, and that there are common defenses available to Defendants for each Class member.  *See* Mo. S. Ct. R. 52.08(a)(2).

6.     <u>Typicality</u>:  Plaintiff's claims are typical of the Class in that Plaintiff and the Class all suffered damages as a direct and proximate result of the same wrongful

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

practices and conduct of Defendants.  Plaintiff's claims are based upon the same legal theories, statutes, and regulations as the Class members' claims.

7.    <u>Adequacy</u>:  Plaintiff will fully and adequately protect the interests of the members of the Class, does not have interests which are contrary to, or conflicting with, those interests for the Class, and has retained experienced and qualified counsel. Plaintiff has been actively engaged in assisting its counsel with the case and Plaintiff's counsel have filed at least twenty-five class action lawsuits since January 2012, settled some of them, successfully defended class actions, and argued class actions before the Missouri Supreme Court and the Eighth Circuit Court of Appeals.  *See, e.g.*, *Nickell v. Shanahan*, 439 S.W.3d 223 (Mo. banc 2014) (successfully defended); *Hargis v. JLB Corp.*, 357 S.W.3d 574 (Mo. banc 2011) (successfully defended); *Suzanne Degnen, D.M.D., P.C. v. United Bankcard, Inc.*, No. 4:13-cv-00567-CEJ (E.D. MO. 2013) (settled on class-wide basis); *Suzanne Degnen, D.M.D., P.C. v. Entrust Cos. LLC*, No. 12SL-CC04715 (St. Louis County Cir. Ct.) (settled on class-wide basis).  Plaintiff's counsel have achieved Martindale-Hubbell® Peer Review Ratings™ of AV® Preeminent™.

8.    <u>Superiority</u>:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically impracticable for members of the Class to prosecute individual actions, the Class is readily definable, prosecution as a class action will eliminate the possibility of repetitious and redundant litigation, prosecution as a class action will eliminate the possibility of inconsistent rulings, and a class action will enable the claims to be handled in an orderly expeditious manner.

9.    Class certification is appropriate, because prosecution of separate actions by individual class members would create a risk of inconsistent and varying

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

adjudications as to individual members of the class, which would establish incompatible standards of conduct required of Defendants.

10. Class certification is appropriate, because Defendants have acted on grounds generally applicable to the Class, by sending similar faxes, and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

11. A class action is an appropriate and a superior method for the fair and efficient adjudication of the controversy insofar as common questions of law and/or fact predominate over any individual questions which may arise, and there would be significant savings to the Class and to Defendants in litigating common issues on a class-wide basis.

12. No unusual difficulties are likely to be encountered in the management of the case on a class basis.

WHEREFORE, Plaintiff requests that this Court certify this case as a class action as to the Class defined herein, appoint Plaintiff as class representative, appoint Ronald J. Eisenberg and Robert Schultz of Schultz & Associates LLP as class counsel, stay further certification briefing, and grant Plaintiff any additional relief deemed proper.

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005-1221
     (636) 537-4645
     Fax: (636) 537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that this motion was filed through the eFiling system on February 17, 2015.

**15SL-CC00587**

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

<div align="center">

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

</div>

| | | |
|---|---|---|
| **SUZANNE DEGNEN, D.M.D., P.C.** | ) | |
| **d/b/a SUNSET TOWER FAMILY** | ) | |
| **DENTISTRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | **Division:** |
| | ) | |
| **ZIMMER DENTAL, INC. d/b/a** | ) | **JURY TRIAL DEMANDED** |
| **ZIMMER DENTAL,** | ) | |
| | ) | |
|    **Serve registered agent:** | ) | |
|    **Corporation Service Company** | ) | |
|    **251 E. Ohio St., Ste. 500** | ) | |
|    **Indianapolis , IN 46204** | ) | |
| | ) | |
|  **AMY BETH GERZOG,** | ) | |
| | ) | |
|    **Serve at:** | ) | |
|    **5112 Teal Way** | ) | |
|    **Oceanside, CA 92054** | ) | |
|       **Or POE:** | ) | |
|    **Zimmer Dental, Inc.** | ) | |
|    **1900 Aston Ave** | ) | |
|    **Carlsbad, CA 92008** | ) | |
| | ) | |
|  **and** | ) | |
| | ) | |
|  **JOHN DOES 1-10,** | ) | |
| | ) | |
|    **Defendants.** | ) | |

<div align="center">

**CLASS ACTION JUNK-FAX PETITION**

</div>

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants Zimmer Dental, Inc. d/b/a Zimmer Dental, Amy Beth Gerzog, and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47

<div align="center">1</div>

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2.     Defendant Zimmer, Inc. d/b/a Zimmer Dental (Zimmer) is a Delaware corporation with its principal place of business in Warsaw, Indiana.

3.     Zimmer had been registered with the Missouri Secretary of State from May 13, 2009, until its Application for Certificate of Withdrawal of Foreign Corporation was filed effective December 26, 2014.

4.     Defendant Amy Beth Gerzog is an individual who, on information and belief, resides in California.

5.     Gerzog is employed by Zimmer as an "Inside Sales Specialist."

6.     John Does 1-10 are not presently known and will be identified through discovery.

7.     This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent illegal faxes into Missouri, Defendants transacted business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, such as conversion of fax recipients' paper, ink, and toner, and/or Defendants otherwise have sufficient minimum contacts with this state.

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

8.      Venue is proper under the TCPA and/or under Missouri Revised Statutes § 508.010.2.

## THE FAXES

9.      Defendants engaged in a prolonged junk-fax assault on Plaintiff.

10.     On or about April 24, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1**.

11.     On or about April 29, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 2**.

12.     On or about May 13, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 3**.

13.     On or about May 20, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 4**.

14.     On or about June 10, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 5**.

15.     On or about June 17, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 6**.

16.     On or about June 24, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 7**.

17.     On or about July 8, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 8**.

18.     On or about August 5, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 9**.

19.     On or about August 20, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 10**.

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

20.     On or about August 26, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 11**.

21.     On or about September 2, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 12**.

22.     On or about September 9, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 13**.

23.     On or about September 16, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 14**.

24.     On or about September 30, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 15**.

25.     On or about October 7, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 16**.

26.    On or about October 28, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 17**.

27.    On or about December 9, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 18**.

28.    On or about December 16, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 another unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 19**

29.    Exhibits 1-19 are referred to collectively hereafter as "the Faxes."

30.    Plaintiff received the Faxes through Plaintiff's facsimile machine.

31.    The Faxes identified Defendant Amy Beth Gerzog as an Inside Sales Specialist and included her telephone number with extension, and her email address, Amy.Gerzog@Zimmer.com, to contact her for details and pricing.

32.    The Faxes falsely stated, "You have received this message because you are registered as a customer of Zimmer Dental."

33.    Plaintiff was not a customer of Zimmer.

6

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

34.     The Faxes provided a telephone number to call to be removed from Zimmer's "mailing list," but did not contain opt-out notices stating that failure to comply, within 30 days, of a recipient's request to the sender not to send future faxed advertisements is unlawful.

35.     The Faxes' opt-out notices stated the following (with some of them including the contact number in bold typeface):

You have received this message because you are registered as a customer of Zimmer Dental. If you would like to be removed from our mailing list, please contact (877) 929-0952.

36.     The Faxes' opt-out notices did not contain a facsimile machine number for a recipient to transmit a request to the sender not to send any future advertisements to a telephone facsimile machine or machines.

37.     The Faxes constitute material advertising quality or commercial availability of any property, goods, or services, such as, but not limited to:



PUROS® PARTICULATE
ALLOGRAFTS
(.5 OR 1CC)



PUROS® DEMINERALIZED
BONE MATRIX (DBM)
PUTTY OR PUTTY WITH
CHIPS (.5 OR 1CC)



INGENIOS™ HA OR B-TCP
BIOACTIVE SYNTHETIC
BONE PARTICLES
(.25, .5 OR 1CC)

(Exs. 1-2.)

38.     On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Faxes are examples.

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

39.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax forms to be sent; and (d) determining the number and frequency of the facsimile transmissions.

40.     Defendants had a high degree of involvement in, or actual notice of, the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

41.     Defendants created or made the Faxes and other fax advertisements, which Defendants sent to Plaintiff and to other members of the "Class" as defined below.

42.     The Faxes, and the other similar or identical facsimile advertisements, are a part of Defendants' work or operations to market Defendants' products, goods, or services, and were sent by and on behalf of Defendants.

43.     The Faxes and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

44.     The Faxes sent to Plaintiff, and the other facsimile advertisements sent by Defendants, did not contain a proper notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

45.     Defendants' similar facsimile advertisements, including the Faxes to Plaintiff, did not contain a notice stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful.

46.     They also lacked a fax number in which to send an opt-out request, as required by 47 C.F.R. § 64.1200(a)(4)(iii)(D)(*1*).

47.     The transmissions of facsimile advertisements, including the Faxes, to Plaintiff, did not contain a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

48.     The transmissions of facsimile advertisements, including the Faxes, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

49.     On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the Class throughout the time period covered by the Class definition below.

50.     On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

51.     There is no reasonable means for Plaintiff or other Class members to avoid receiving unlawful faxes while at the same time receiving lawful faxes.

52.     Defendants violated the TCPA by transmitting the Faxes to Plaintiff and to the Class members without obtaining their prior express permission or

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

invitation and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

53.     Defendants knew or should have known that (a) facsimile advertisements, including the Faxes, were advertisements, (b) Plaintiff and the other Class members had not given their prior permission or invitation to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

54.     Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Faxes, both to Plaintiff and the Class.

55.     The transmissions of facsimile advertisements, including the Faxes, to Plaintiff and the Class caused unwanted use and destruction of their property, including toner or ink and paper, and caused undesired wear on hardware.

56.     The transmissions of facsimile advertisements, including the Faxes, to Plaintiff and to Class interfered with their exclusive use of their property.

57.     The transmissions of facsimile advertisements, including the Faxes, to Plaintiff and the Class interfered with their business and/or personal communications and privacy interests.

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

## CLASS ACTION ALLEGATIONS

58.     Plaintiff brings this class action on behalf of the following class of

persons, hereafter, the "Class":

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent a telephone facsimile message of material
> advertising the commercial availability or quality of any property,
> goods, or services by or on behalf of Defendants, (3) with respect to
> whom Defendants cannot provide evidence of prior express
> permission or invitation for the sending of such faxes, (4) with
> whom Defendants do not have an established business relationship,
> (5) which did not state that the recipient may make a request to the
> sender of the advertisement not to send any future advertisements
> to a telephone facsimile machine or machines and that failure to
> comply, within 30 days, with such a request meeting the
> requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, or (6)
> which did not include a facsimile number for the recipient to send
> an opt-out request.

59.     Excluded from the Class are Defendants, their employees, agents,

and members of the judiciary.

60.     This case is appropriate as a class action because:

a.     <u>Numerosity.</u>  On information and belief, based in part on review of

the sophisticated Faxes and online research as to Defendants and their

marketing practices, the Class includes at least 40 persons and is so

numerous that joinder of all members is impracticable.

b.     <u>Commonality.</u>   Questions of fact or law common to the Class

predominate over questions affecting only individual Class members, e.g.:

    i.     Whether Defendants engaged in a pattern of sending
unsolicited fax advertisements;

    ii.     Whether the Faxes, and other faxes transmitted by or on
behalf of Defendants, contain material advertising the
commercial availability of any property, goods or services;

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

iii.   Whether the Faxes, and other faxes transmitted by or on behalf of Defendants, contain material advertising the quality of any property, goods or services;

iv.   The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Faxes and other unsolicited faxed advertisements;

v.   Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.   Whether Defendants violated 47 U.S.C. § 227;

vii.   Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

viii.   Whether Defendants violated 47 C.F.R. § 64.1200;

ix.   Whether the Faxes, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x.   Whether the Court should award statutory damages;

xi.   Whether the Court should award treble damages; and

xii.   Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.   <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Faxes were substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.  Although the Faxes advertised some different products, the opt-out language in the Faxes was identical or nearly identical.

d.   <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel are experienced in class actions and TCPA claims.  Neither Plaintiff nor Plaintiff's counsel has interests adverse or in conflict with the absent Class members.

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

e.      Superiority.   A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

61.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

62.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

63.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

64.    The TCPA also provides that that Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

65.    "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions."  47 C.F.R. § 64.1200(a)(4)(vii).

66.    Because the TCPA is a strict liability statute; Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

67.    Defendants' actions caused damage to Plaintiff and the Class, as

a.    receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.    Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.    Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on  business activities; and

d.    Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone.

68.    Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

69.    Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Faxes and the other facsimile advertisements were advertisements, and (d) the Faxes and the other facsimile advertisements did not display a proper opt-out notice containing a fax number to request no more faxed advertisements and 30-day language.

70.    Defendants violated the TCPA by transmitting the Faxes to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express permission or invitation and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, individually and on behalf of all others similarly situated, demands judgment in its favor and against all Defendants Zimmer Dental, Inc. d/b/a Zimmer Dental, Amy Beth Gerzog, and John Does 1-10, jointly and severally, as follows:

a.    certify this action as a class action and appoint Plaintiff as Class representative;

b.    appoint the undersigned counsel as Class counsel;

c.    award damages of $500 per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

15

Electronically Filed - St Louis County - February 17, 2015 - 09:56 PM

d.   award treble damages up to $1,500 per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.   enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.   award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.   award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.   award Plaintiff prejudgment interest and costs; and

i.   grant Plaintiff all other relief deemed just and proper.

SCHULTZ & ASSOCIATES LLP

By:  _____
Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

Electronically Filed - St Louis County - February 20, 2015 - 10:29 AM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| **SUZANNE DEGNEN, D.M.D., P.C.** | ) | |
| **d/b/a SUNSET TOWER FAMILY** | ) | |
| **DENTISTRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 15SL-CC00587** |
| | ) | |
| **v.** | ) | **Division: 13** |
| | ) | |
| **ZIMMER DENTAL, INC. d/b/a** | ) | |
| **ZIMMER DENTAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ENTRY OF APPEARANCE OF ROBERT SCHULTZ**

Robert Schultz of Schultz & Associates LLP enters his appearance as

additional counsel for Plaintiff Suzanne Degnen, D.M.D., P.C.

SCHULTZ & ASSOCIATES LLP

By:  /s/ Robert Schultz____
     Ronald J. Eisenberg, #48674
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005-1221
     (636) 537-4645
     Fax: (636) 537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

     *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The above-signed certifies that this document was filed through the eFiling
system on February 20, 2015.

Electronically Filed - St Louis County - February 20, 2015 - 09:09 AM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| **SUZANNE DEGNEN, D.M.D., P.C.** | ) | |
| **d/b/a SUNSET TOWER FAMILY** | ) | |
| **DENTISTRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 15SL-CC00587** |
| | ) | |
| **v.** | ) | **Division: 13** |
| | ) | |
| **ZIMMER DENTAL, INC. d/b/a** | ) | |
| **ZIMMER DENTAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S MOTION FOR EXTENSION TO TIME TO SERVE**
**DEFENDANTS**

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendants Zimmer Dental, Inc. d/b/a Zimmer Dental and Amy Beth Gerzog be extended to 90 days from issuance of the summonses in order to allow sufficient time to obtain service on Defendants, who reside outside of Missouri.

Plaintiff may mail a Civil Procedure Form 4B Notice, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail.  Rule 54.16 grants the recipient 30 days to complete and return the Form 4B notice.

WHEREFORE, Plaintiff requests that the Court grant this motion.


SO ORDERED THIS ____ DAY OF _____, 2015

_____

Hon. Barbara W. Wallace, Circuit Judge

Electronically Filed - St Louis County - February 20, 2015 - 09:09 AM

SCHULTZ & ASSOCIATES LLP


By:  /s/ Ronald J. Eisenberg
     Ronald J. Eisenberg, #48674
     Robert Schultz, #35329
     640 Cepi Drive, Suite A
     Chesterfield, MO 63005-1221
     (636) 537-4645
     Fax: (636) 537-2599
     reisenberg@sl-lawyers.com
     rschultz@sl-lawyers.com

     *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The above-signed certifies that this motion was filed through the eFiling system on February 20, 2015.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>GLORIA CLARK RENO | Case Number:  15SL-CC00587 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:   SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>ZIMMER DENTAL, INC.<br>DBA:  ZIMMER DENTAL | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:  AMY BETH GERZOG
 Alias:

**5112 TEAL WAY**
**OCEANSIDE, CA  92054**

**ZIMMER DENTAL INC**
**1900 ASTON AVE**
**CARLSBAD, CA  92008**

**COURT SEAL OF**

**ST. LOUIS COUNTY**

 You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
 SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>20-FEB-2015</u>
Date
Further Information:
TLC

_____ Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

 **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
 I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
    (use for out-of-state officer)
 *(Seal)*   ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 15-SMOS-163**     3     **(15SL-CC00587)**     Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GLORIA CLARK RENO | Case Number:  15SL-CC00587 |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:   SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>ZIMMER DENTAL, INC.<br>DBA:  ZIMMER DENTAL | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:   ZIMMER DENTAL, INC.
Alias:
DBA:  ZIMMER DENTAL

**SERVE REGISTERED AGENT**
**CORPORATION SERVICE COMPANY**
**251 E. OHIO ST., STE. 500**
**INDIANAPOLIS, IN  46204**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

 You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
 **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>20-FEB-2015</u>
**Date**
**Further Information:**
**TLC**

_____
Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
  ☐  delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____, a person of the Defendant's/Respondent's family over the age of 15 years.
  ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
  ☐  other (describe) _____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____                    _____
 Printed Name of Sheriff or Server                         Signature of Sheriff or Server

 **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
  I am: (check one)  ☐  the clerk of the court of which affiant is an officer.
                    ☐  the judge of the court of which affiant is an officer.
                    ☐  authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
*(Seal)*           ☐  authorized to administer oaths.  (use for court-appointed server)

                    _____
                                  Signature and Title

**Service Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

See the following page for directions to clerk and to officer making return on service of summons.

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 15-SMOS-162**      4      **(15SL-CC00587)**                          Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - March 12, 2015 - 01:52 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15SL-CC00587 |
| v. | ) ) | Division: 19 |
| ZIMMER DENTAL, INC. d/b/a ZIMMER DENTAL, et al., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED MOTION FOR EXTENSION TO TIME TO
SERVE DEFENDANTS**

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendants Zimmer Dental, Inc. d/b/a Zimmer Dental and Amy Beth Gerzog be extended to 90 days from issuance of the summonses in order to allow sufficient time to obtain service on Defendants, who reside outside of Missouri.

Plaintiff may mail a Civil Procedure Form 4B Notice, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail.  Rule 54.16 grants the recipient 30 days to complete and return the Form 4B notice.

WHEREFORE, Plaintiff requests that the Court grant this motion.

SO ORDERED THIS ____ DAY OF MARCH, 2015

_____
Hon. Gloria Clark Reno, Circuit Judge

Electronically Filed - St Louis County - March 12, 2015 - 01:52 PM

SCHULTZ & ASSOCIATES LLP


By:  /s/ Ronald J. Eisenberg
  Ronald J. Eisenberg, #48674
  Robert Schultz, #35329
  640 Cepi Drive, Suite A
  Chesterfield, MO 63005-1221
  (636) 537-4645
  Fax: (636) 537-2599
  reisenberg@sl-lawyers.com
  rschultz@sl-lawyers.com

  *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

  The above-signed certifies that this motion was filed through the eFiling system on March 12, 2015.

Electronically Filed - St Louis County - March 12, 2015 - 01:52 PM

**IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| SUZANNE DEGNEN, D.M.D., P.C. | ) | |
| d/b/a SUNSET TOWER FAMILY | ) | |
| DENTISTRY, | ) | |
| | ) | |
|    Plaintiff, | ) | **Case No. 15SL-CC00587** |
| | ) | |
| v. | ) | **Division: 19** |
| | ) | |
| ZIMMER DENTAL, INC. d/b/a | ) | |
| ZIMMER DENTAL, et al., | ) | |
| | ) | |
|    Defendants. | ) | |

**PLAINTIFF'S AMENDED MOTION FOR EXTENSION TO TIME TO
SERVE DEFENDANTS**

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, pursuant to Missouri Supreme Court Rule 54.21, requests that the deadline for service of the summonses and petition on Defendants Zimmer Dental, Inc. d/b/a Zimmer Dental and Amy Beth Gerzog be extended to 90 days from issuance of the summonses in order to allow sufficient time to obtain service on Defendants, who reside outside of Missouri.

Plaintiff may mail a Civil Procedure Form 4B Notice, in accordance with Missouri Supreme Court Rule 54.16, requesting that Defendants voluntarily acknowledge service by mail. Rule 54.16 grants the recipient 30 days to complete and return the Form 4B notice.

WHEREFORE, Plaintiff requests that the Court grant this motion.

SO ORDERED THIS _16_ DAY OF MARCH, 2015

_____ *Gloria C. Reno* _____

Hon. Gloria Clark Reno, Circuit Judge

Electronically Filed - St Louis County - March 12, 2015 - 01:52 PM

SCHULTZ & ASSOCIATES LLP


By:  /s/ Ronald J. Eisenberg
      Ronald J. Eisenberg, #48674
      Robert Schultz, #35329
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005-1221
      (636) 537-4645
      Fax: (636) 537-2599
      reisenberg@sl-lawyers.com
      rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The above-signed certifies that this motion was filed through the eFiling system on March 12, 2015.

Electronically Filed - St Louis County - May 27, 2015 - 03:26 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| **SUZANNE DEGNEN, D.M.D., P.C.** | ) | |
| **d/b/a SUNSET TOWER FAMILY** | ) | |
| **DENTISTRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 15SL-CC00587** |
| | ) | |
| **v.** | ) | **Division:    13** |
| | ) | |
| **ZIMMER DENTAL, INC. d/b/a** | ) | |
| **ZIMMER DENTAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ALIAS SUMMONS REQUEST**

Plaintiff, requests that this Court issue an Alias Summons for Defendant Zimmer

Dental, Inc., d/b/a Zimmer Dental in this case as follows:

Zimmer Dental, Inc., d/b/a Zimmer Dental
Serve Registered Agent:
Corporation Service Company
251 E. Ohio St.
Ste. 500
Indianapolis , IN 46204

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The above-signed certifies that this document was filed through the eFiling
system on May 27, 2015.

1

Electronically Filed - St. Louis County - May 27, 2015 - 03:19 PM

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GLORIA CLARK RENO | Case Number: 15SL-CC00587 |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>ZIMMER DENTAL, INC.<br>DBA:   ZIMMER DENTAL | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  AMY BETH GERZOG
Alias:

5112 TEAL WAY
OCEANSIDE, CA 92054

ZIMMER DENTAL INC
1900 ASTON AVE
CARLSBAD, CA  92008

**COURT SEAL OF**

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

20-FEB-2015
**Date**
**Further Information:**
TLC

_____
Clerk

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☒ other (describe) NON EST, Not enough time to serve

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - St. Louis County - May 27, 2015 - 03:19 PM

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - St Louis County - May 27, 2015 - 03:13 PM

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GLORIA CLARK RENO | Case Number:  15SL-CC00587 |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>ZIMMER DENTAL, INC.<br>DBA:   ZIMMER DENTAL | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  ZIMMER DENTAL, INC.
Alias:
DBA:  ZIMMER DENTAL

SERVE REGISTERED AGENT
CORPORATION SERVICE COMPANY
251 E. OHIO ST., STE. 500
INDIANAPOLIS, IN  46204

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>20-FEB-2015</u>
Date
Further Information:
TLC

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☑ other (describe) NON-EST, Out of Time to Serve _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 15-SMOS-162          1          (15SL-CC00587)          Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

**Service Fees, if applicable**

Summons    $_____

Non Est    $_____

Mileage    $_____  (_____ miles @ $_____ per mile)

**Total**    $_____

See the following page for directions to clerk and to officer making return on service of summons.

Electronically Filed - St. Louis County - May 27, 2015 - 03:13 PM

Electronically Filed - St Louis County - May 27, 2015 - 03:19 PM

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   EARL ROBERT SCHULTZ, Attorney for Plaintiff
SERVICE EMAIL:    rschultz@sl-lawyers.com

Electronically Filed - St. Louis County - May 27, 2015 - 03:13 PM

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>GLORIA CLARK RENO | Case Number:  15SL-CC00587 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:   SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>ZIMMER DENTAL, INC.<br>DBA:   ZIMMER DENTAL | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  ZIMMER DENTAL, INC.
<div align="center">Alias:</div>
<div align="center">DBA:  ZIMMER DENTAL</div>

SERVE REGISTERED AGENT
CORPORATION SERVICE COMPANY
251 E. OHIO ST., STE. 500
INDIANAPOLIS, IN  46204

**COURT SEAL OF**

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>20-FEB-2015</u>
Date                                                                                        Clerk
Further Information:
TLC

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☒ other (describe) NON-EST, out of Time to serve _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                               _____
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

Electronically Filed - St. Louis County - May 27, 2015 - 03:13 PM

**Service Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

**See the following page for directions to clerk and to officer making return on service of summons.**

Electronically Filed - St Louis County - May 28, 2015 - 03:13 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| **SUZANNE DEGNEN, D.M.D., P.C.** | ) | |
| **d/b/a SUNSET TOWER FAMILY** | ) | |
| **DENTISTRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 15SL-CC00587** |
| | ) | |
| **v.** | ) | **Division:      13** |
| | ) | |
| **ZIMMER DENTAL, INC. d/b/a** | ) | |
| **ZIMMER DENTAL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ALIAS SUMMONS REQUEST**

Plaintiff, requests that this Court issue an Alias Summons for Defendant Amy

Beth Gerzog in this case as follows:

Amy Beth Gerzog
5112 Teal Way
Oceanside, CA 92054

Or at Amy Beth Gerzog's Place of Employment:
Zimmer Dental, Inc.
1900 Aston Avenue
Carlsbad, CA  92008

SCHULTZ & ASSOCIATES LLP

By:  /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com
*Attorneys for Plaintiff*

1

Electronically Filed - St Louis County - May 28, 2015 - 03:13 PM

**<u>CERTIFICATE OF SERVICE</u>**

The above-signed certifies that this document was filed through the eFiling system on May 28, 2015.

Electronically Filed - St. Louis County - May 28, 2015 - 03:26 PM

In the

# CIRCUIT COURT

## Of St. Louis County, Missouri

Suzanne Degnen, D.M.D., P.C., d/b/a Sunset Tower Family Dentistry
Plaintiff/Petitioner

vs.

Zimmer Dental, Inc., et al.
Defendant/Respondent

May 28, 2015
Date

15SL-CC00587
Case Number

19
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff                                                      , pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Carl Herman Walker of San Diego Service Of Process, 2445 Morena Blvd, Ste 201, San Diego, CA 92210 619-275-6400
Name of Process Server                              Address                                              Telephone

Michael A. Walker of San Diego Service Of Process, 2445 Morena Blvd, Ste 201, San Diego, CA 92210 619-275-6400
Name of Process Server                    Address or in the Alternative                                 Telephone

Terry Lee McMcCraw of San Diego Service Of Process, 2445 Morena Blvd, Ste 201, San Diego, CA 92210 619-275-6400
Name of Process Server                    Address or in the Alternative                                 Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:                                          Or at:  Amy Beth Gerzog at POE: Zimmer Dental
 Amy Beth Gerzog                                        Name
Name                                                    1900 Ashton Avenue
 5112 Teal Way                                          Address
Address                                                 Carlsbad, CA 92208
 Oceanside, CA  92054                                   City/State/Zip
City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk                    /s/   Ronald J. Eisenberg
                                                Attorney/Plaintiff/Petitioner
                                                 48674
By _____            Bar No.
   Deputy Clerk                                  640 Cepi Drive, Suite A., Chesterfield, MO 63005
                                                Address
_____                (636) 537-4645        (636) 537-2599
Date                                            Phone No.                Fax No.

CCADM62-WS   Rev. 03/14

Electronically Filed - St. Louis County - May 28, 2015 - 03:26 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St. Louis County - May 28, 2015 - 03:26 PM

**In the**

# CIRCUIT COURT

## Of St. Louis County, Missouri

Suzanne Degnen, D.M.D., P.C., d/b/a Sunset Tower Family Dentistry

Plaintiff/Petitioner

vs.

Zimmer Dental, Inc., et al.

Defendant/Respondent

For File Stamp Only

May 28, 2015

Date

15SL-CC00587

Case Number

19

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff                                                                 , pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Carl Herman Walker of San Diego Service Of Process, 2445 Morena Blvd, Ste 201, San Diego, CA 92210 619-275-6400

Name of Process Server                    Address                                                        Telephone

Michael A. Walker of San Diego Service Of Process, 2445 Morena Blvd, Ste 201, San Diego, CA 92210 619-275-6400

Name of Process Server                    Address or in the Alternative                                Telephone

Terry Lee McMcCraw of San Diego Service Of Process, 2445 Morena Blvd, Ste 201, San Diego, CA 92210 619-275-6400

Name of Process Server                    Address or in the Alternative                                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:

Amy Beth Gerzog

Name

5112 Teal Way

Address

Oceanside, CA  92054

City/State/Zip

*Or at:* Amy Beth Gerzog at POE: Zimmer Dental

Name

1900 Ashton Avenue

Address

Carlsbad, CA  92208

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk

By _____

Deputy Clerk

_____

Date

/s/    Ronald J. Eisenberg

Attorney/Plaintiff/Petitioner

48674

Bar No.

640 Cepi Drive, Suite A., Chesterfield, MO 63005

Address

(636) 537-4645          (636) 537-2599

Phone No.                              Fax No.

CCADM62-WS   Rev. 03/14

Electronically Filed - St. Louis County - May 28, 2015 - 03:26 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment.

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM6-WS     Rev. 03/14



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>GLORIA CLARK RENO | Case Number:  15SL-CC00587 |
|---|---|
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:   SUNSET TOWER FAMILY DENTISTRY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>ZIMMER DENTAL, INC.<br>DBA:  ZIMMER DENTAL | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | |

<div align="right">(Date File Stamp)</div>

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  AMY BETH GERZOG
<div align="center">Alias:</div>

**5112 TEAL WAY**
**OCEANSIDE, CA  92054**

**ZIMMER DENTAL INC**
**1900 ASTON AVE**
**CARLSBAD, CA  92008**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>29-MAY-2015</u>
Date
Further Information:
TLC

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
   _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address).
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____       _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
   I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                      ☐ the judge of the court of which affiant is an officer.
                      ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                         (use for out-of-state officer)
*(Seal)*              ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

<div align="center">See the following page for directions to clerk and to officer making return on service of summons.</div>

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 15-SMOS-479**      3      **(15SL-CC00587)**                    Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GLORIA CLARK RENO | **Case Number:  15SL-CC00587** |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:   SUNSET TOWER FAMILY DENTISTRY<br><div align=right>vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>ZIMMER DENTAL, INC.<br>DBA:  ZIMMER DENTAL | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | *(Date File Stamp)* |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   ZIMMER DENTAL, INC.
Alias:
DBA:  ZIMMER DENTAL

**SERVE REGISTERED AGENT
CORPORATION SERVICE COMPANY
251 E. OHIO ST., STE. 500
INDIANAPOLIS, IN  46204**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
    **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>29-MAY-2015</u>
Date
Further Information:
TLC

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Mileage | $ _____ | ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ | |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St. Louis County - June 23, 2015 - 12:33 PM

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GLORIA CLARK RENO | Case Number:  15SL-CC00587 |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA:  SUNSET TOWER FAMILY DENTISTRY<br><div align=right>vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>ZIMMER DENTAL, INC.<br>DBA:  ZIMMER DENTAL | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  ZIMMER DENTAL, INC.
<div align=center>Alias:</div>
<div align=center>DBA:  ZIMMER DENTAL</div>

SERVE REGISTERED AGENT
CORPORATION SERVICE COMPANY
251 E. OHIO ST., STE. 500
INDIANAPOLIS, IN  46204

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>29-MAY-2015</u>
Date
Further Information:
TLC

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

<div align=center>Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)</div>

I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

OSCA (7-04) SM60 *For Court Use Only:* **Document ID# 15-SMOS-478**      1      **(15SL-CC00587)**      Rules 54.06, 54.07, 54.14, 54.20;<br>506.500, 506.510 RSMo

Electronically Filed - St. Louis County - June 23, 2015 - 12:33 PM

**MARION COUNTY SHERIFF'S OFFICE**
John R. Layton
CIVIL DIVISION
TELEPHONE: (317) 327-2461

**AFFIDAVIT OF RECORD OF SERVICE**

CAUSE NUMBER ___15Sh CC 00587___ CASE TYPE ___SUM___

___Deputy Kaster___, being duly sworn on his oath states that he/she is an authorized Deputy Sheriff for the County of Marion, State of Indiana. Affiant further states that he/she is not a party to this action or related to any party thereto. Affiant further states that he/she has reviewed the records of the Marion County Sheriff's Department and can state those records reflect that the Legal Papers were served in the following manner:

- PERSONAL SERVICE
  Served the Legal Papers by reading to and within the hearing of the within named
  _____  _____ and delivering to him/her a true copy of the same.
  Refused to Sign for _____

- COPY 1
  Left on the door of the residence of _____
  ☐ Legal Papers are Mailed if Left Copy 1 Service

- COPY 2
  Left with Someone at the Address _____
  ☐ Refused to Sign for Papers

- COPY 3
  Left at Place of Employment.
  Business name_____
  ☐ Refused to sign for Papers

- CORPORATE SERVICE
  Served the within named ___Zimmer Dental___ by reading the Legal Papers within the hearing of
  _____ TITLE of said corporation.
  ✗ Refused to Sign for Papers

- Made a diligent search ,and failed to find any of the within named defendants within his/her bailiwick was NOT FOUND
  ☐ NF1 - Vacant _____ or Invalid Address _____
  ☐ NF2 – Not in Marion County
  ☐ NF3 – All other reasons _____
  ☐ NF4 – Returned After 3 Attempts _____

Served at ___257 E. Ohio Ste. 500___ on this ___17___ day
of ___6___ 20___15___ 9:47

John R. Layton
Sheriff of Marion County, Indiana

By ___M Kaster___
Deputy Sheriff ___M4001___

Sworn to and subscribed to before me, a Notary Public, in and for Marion County, Indiana this ___17___ day of ___June___ 20___15___

___Sharon J Watson___
Notary Public

My commission expires: ___3/20/19___