UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D, P.C., | ) |
| | ) |
| Plaintiff, | ) No. 4:15-CV-1103-RLW |
| | ) |
| v. | ) |
| | ) |
| AMY BETH GERZOG, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Zimmer Dental, Inc. d/b/a Zimmer Dental's ("Zimmer Dental") Motion to Stay. (ECF No. 15). Plaintiff filed its response in opposition to the motion on July 28, 2015. (ECF No. 18). Zimmer Dental filed a reply on August 4, 2015. (ECF No. 22). The motion is fully briefed and ready for disposition. After careful consideration, the Court will grant Zimmer Dental's motion.

Plaintiff filed a class action complaint alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by faxing or having an agent send unsolicited fax advertisements without a proper opt-out notice as required by 47 C.F.R. § 1200 (Class Action Junk-Fax Petition ("Petition" or "Pet."), ECF No. 9, ¶¶9-28). In the Motion to Stay, Zimmer Dental requests the action be stayed pending resolution of the Petition for Retroactive Waiver ("Waiver Petition," ECF No. 16-1), filed with the Federal Communications Commission ("FCC") on July 16, 2015 on behalf of Defendants. Zimmer Dental argues that resolution of their Waiver Petition by the FCC "will determine the outcome of plaintiff's class claims in the Petition" and, therefore, Zimmer Dental argues that "continuing litigation at this time will result in wasted resources on the part of the parties and the Court." (ECF No. 16 at 4).

1

Zimmer Dental contends that denial of a stay will cause them substantial burden and hardship because they will have to engage in significant discovery that that may be irrelevant depending upon the FCC's determination. (ECF No. 16 at 5; ECF No. 22 at 3). In contrast, Zimmer Dental maintains that Plaintiff will suffer no damage from a stay because the maximum money damages for Plaintiff is fixed at $1,500 per fax and because Defendants are collecting and preserving the available documents and data. (ECF No. 16 at 5; ECF No. 22 at 3). Further, Zimmer Dental argues that it has demonstrated that it had prior, express permission to send the faxes at issue, making them eligible for the waiver. (ECF No. 16 at 2-3; ECF No. 22 at 1). In addition, Zimmer Dental points to the decisions issued by this Court in *St. Louis Heart Center, Inc. v. Forest Pharmaceuticals, Inc.*, Case No. 4:12-CV-2224-JCH, 2013 WL 3988671 (E.D. Mo. July 17, 2013), *St. Louis Heart Ctr., Inc. v. Gilead Palo Alto, Inc.*, No. 4:13-CV-958-JAR, 2013 WL 5436651 (E.D. Mo. Sept. 27, 2013), and *Suzanne Degnen, D.M.D., P.C. v. Free Continuing Education Assoc., LLC*, No. 4:15-cv-00527-RLW (E.D. Mo. June 17, 2015), which ordered the TCPA case to be stayed until final rulings are issued by the FCC on the defendant's petition for a declaratory ruling and through any appeals filed in connection with that ruling. (ECF No. 24 at 5-6).

Plaintiff opposes a stay on the grounds that it believes the FCC will deny Defendants' untimely retroactive-waiver petition. (ECF No. 18 at 2). Plaintiff contends that Zimmer Dental is not similarly situated to the parties who were granted retroactive relief through the October 30, 2014 Fax Order. (*Id.*) Plaintiff argues that Zimmer Dental has presented no evidence that it was confused about whether opt-out notices were required under the TCPA and that Zimmer Dental continued "its illegal faxing campaign well after the FCC issued its order in October 2014." (*Id.*) Finally, Plaintiff claims it will be prejudiced by a long stay due to the risk of lost evidence and

fading memories of witnesses. (ECF No. 18 at 3).

In light of the Eighth Circuit's suggestion in *Nack v. Walburg*, 715 F.3d 680, 682 (8th Cir. 2013)[1] and in the interests of reaching consistent results in similar TCPA cases, the Court will grant Zimmer Dental's motion to stay this case. The Court is not persuaded that Plaintiff will be unduly prejudiced by such a stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Zimmer Dental's Motion to Stay (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** until final rulings are issued by the FCC on Defendants' Petition for Retroactive Waiver, and on any appeals filed in connection with the ruling.

**IT IS FURTHER ORDERED** that every ninety (90) days, beginning **November 5, 2015**, Defendant Zimmer Dental shall advise the Court of the status of the proceedings before the FCC and any appeal filed in connection thereto.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification (ECF No. 10) is **HELD IN ABEYANCE**, pending further Orders of this Court.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close this matter.

---

[1] In *Nack*, the Eighth Circuit recognized that the Administrative Orders Review Act ("Hobbs Act"), 28 U.S.C. §2342, *et seq.*, precluded it from hearing challenges to the FCC regulation at issue and instructed that, on remand, the district court "may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised." (ECF No. 24 at 6).

Dated this 5th day of August, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**